IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARLAND
(Southern Division)

| | |
|---|---|
| **MARIA ANTONIA CILANO** <br> **and** <br> **FELICIA WIGGINS** <br> (on behalf of themselves and on behalf a Class of similarly situated persons) <br><br> Plaintiffs, <br><br> v. <br><br> **BARBARA Q. SHEA** (d/b/a Shea Management, Inc.), *et al.* <br><br> Defendants. | Civil Case: 8:19-cv-00827-PWG |

### ORDER GRANTING PRELIMINARY APPROVAL OF NOTICE, SETTLEMENT WITH DEFENDANT, AND SETTING A FINAL APPROVAL HEARING AND OTHER DATES

Upon consideration of the Joint Motion for Preliminary Approval of a Settlement Class, Appointing Plaintiffs as Class Representatives, Appointing Plaintiffs' Counsel as Class Counsel, Approving Notice to the Class and setting of Final Approval Hearing and Other Dates filed herein, and the pleadings, motions and memorandums filed in this action, the Court finds that the motion be, and the same hereby is, **GRANTED**.

The Court has reviewed the requirements under Federal Rule of Civil Procedure 23(c)(1), and finds that the proposed settlement class meets the requirements for certification. The class is numerous, consisting of approximately 152 members. There are common issues of fact and law as to whether Defendant Barbara Shea d/b/a Shea Management Inc. ("Defendant" or "Shea") actions and/or inactions were in violation of the Maryland Consumer Debt Collection Act, COM. LAW § 14-201, *et seq.* ("MCDCA") and the Maryland Consumer Protection Act, COM. LAW, § 13-301, *et seq.* ("MCPA") when she collected or attempted to collect sums from consumers without

a license as a collection agency pursuant to the Maryland Collection Agency Licensing Act ("MCALA"), BUS. REG. § 7-101, *et seq.* The Plaintiffs' claims are typical of the claims of the Class, and there is no dispute as to whether the Plaintiffs were treated any differently than any other Class Member.

Further, the Court finds that the Plaintiffs and their Counsel adequately represent the Class Members. Plaintiffs have no interest adverse to the other Class Members. Similarly, the Court finds that Plaintiffs' Counsel, Phillip Robinson, is adequate to serve as Class Counsel and hereby appoints Plaintiffs as Class Representatives and Phillip Robinson as Class Counsel.

In appointing Class Counsel, the Court has considered the work Counsel has done in identifying or investigating potential claims in the action, Class Counsels' experience in handling class actions, complex litigation, and claims of the type asserted in this action. The Court has also considered Class Counsels' knowledge of the applicable law and the resources Class Counsel will commit to representing the class. These factors favor appointment of Phillip Robinson.

Further, the Court finds that certification of the class action for settlement purposes under Federal Rule of Civil Procedure 23(c)(1) is an appropriate and superior method to resolve the claims in this action. The claims relate to collection activities, and pursuit of individual claims by class members is unlikely. The class action also sets forth common issues of fact that predominate over any other potential issues in this action.

Accordingly, the Court certifies the following class under Federal Rule of Civil Procedure 23(c)(1) for settlement purposes only:

> Those persons, in the three years before the commencement of this action to the present, from whom Shea attempted and/or actually collected a consumer debt on behalf of any other person, who owned a unit in Stonegate Condominiums or Grand Bel Manor Condominium for personal purposes. Excluded from the Class are any persons who were members of the settlement class in *Martinez v. Shea* in the Circuit Court for Montgomery County.

The claims to be addressed by the Class are:

> Any claims related to whether Shea was permitted to collect upon or attempt to collect from the Class Members while unlicensed as a Maryland collection agency pursuant to MCALA.

The Court further finds that the proposed Settlement of this action as reflected in the Class Action Settlement Agreement and Release is fair, reasonable, and in the best interests of the Class Members, given that liability is not certain and the relief obtained is substantial.

The Court approves the manner of notice and proposed notices to the Class Members of this Settlement; specifically, the Notice of Class Action Settlement (the "Class Notice") provided to the Court by the parties. Class Counsel shall cause the Class Notice by U.S. Mail to the last-known addresses of the Class Members for which addresses are known no later than thirty (30) days from when this Order is entered by the Clerk.

The Court finds that the mailing of the Notice by regular first-Class mail to all Class Members whose address has been identified constitutes valid, due and sufficient notice to the Class Members and their Related Parties, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law, and that no further notice to the Class Members or their Related Parties is required.

This Order, and the Notice, shall require that any Objections to the Settlement Agreement be made in writing, filed with the Court, and served upon Class Counsel and Defendant's Counsel. The Notice shall additionally contain the following dates and information:

Deadline for election to be excluded shall be 45 days from day the Notice is mailed out;

Deadline for objections to be filed shall be 50 days from date the Notice is mailed out; and

Date and time of final approval hearing: August 10, 2021 at 10:00 AM.

The Final Approval Hearing concerning this Settlement shall take place on Tuesday, August 10, 2021 at 10:00AM in Courtroom 4C (subject to change and check the monitor(s) upon approval), of this Court located at 6500 Cherrywood Lane, Greenbelt, MD 20770.

Plaintiffs' Motion for Final Approval of this Settlement, Petition for Class Counsel Compensation, together with any affidavits regarding Notice and elections, shall be filed with the Court at least fifteen (15) days prior to the Final Approval hearing.

BY THE COURT:

_____ 4/30/2021
Hon. Paul W. Grimm
United States District Judge

cc:   All Counsel of Record via ECF