IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARIA ANTONIA CILANO<br>and<br>FELICIA WIGGINS.<br>(on behalf of themselves and on behalf<br>a Class of similarly situated persons)<br><br>v.<br><br>BARBARA Q. SHEA (d/b/a Shea<br>Management, Inc.), et al.<br><br>     Defendants | Civil Case: 8:19-cv-00827-PWG |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FINALLY APPROVE SETTLEMENT CLASS, APPOINT CLASS COUNSEL AND CLASS REPRESENTATIVE, AND FOR CERTIFICATION OF
CLASS FOR SETTLEMENT**

Plaintiffs Maria Cilano and Felicia Wiggins (hereinafter, "Plaintiffs") by and through their undersigned counsel, submit this Memorandum of Law in support of their Motion to Finally Approve Settlement Class, Appoint Class Counsel and Class Representative, and for Certification of Class for Settlement ("Final Approval Motion").

The Court preliminarily approved the settlement class in this action and directed that notice be provided to the class members. *See* ECF 94. The notice was sent by regular mail and provided notice to the class members[1] of the final approval hearing and the deadlines for class members to make elections, file claims, request exclusion or submit any objections. *See* Declaration of P. Robinson, Exhibit 1 at ¶¶ 12, 14. Two requests for exclusion were received. *Id.* at ¶ 16. Notice was

---

[1]   Pursuant to the Settlement Agreement, the Defendant provided Class Counsel with the class list. ECF 92-1 at ¶ 6.

1

also presumptively received by 99.3% of the 143 class members, which is an exceptional rate of notice. *Id.* at ¶ 15.

## INTRODUCTION

Plaintiffs filed the above-captioned class action lawsuit asserting class claims against Defendant Barbara Q. Shea d/b/a Shea Management, Inc. ("Shea" or "Defendant") under the Maryland Consumer Debt Collection Act, COM. LAW § 14-201, *et seq.* ("MCDCA") and the Maryland Consumer Protection Act, COM. LAW, § 13-301, *et seq.* ("MCPA") seeking actual damages permitted by those statutes.[2] The Plaintiffs alleged that Defendant violated the MCDCA and MCPA by collecting upon consumer debts owed to another without the requisite collection agency license. The Defendant denies these allegations.

After exchanging discovery, participating in multiple depositions (each Plaintiff was deposed twice), and engaging in motions practice on the issue of class certification, the Parties negotiated through their attorneys and Magistrate Judge Gina Simms a settlement of this matter. As a result of the negotiations, the parties submitted a Settlement Agreement to the Court for preliminary approval. The Settlement Agreement represents a compromise between the parties' conflicting positions. The Settlement Agreement provides for a settlement fund of $73,000 for the class that covers the incentive payments allowed by the court,[3] the Class Counsel's attorney's fees[4]

---

[2] Plaintiff Cilano also brought an individual claim for relief under the Fair Housing Act. That claim is addressed by her individual settlement.

[3] Plaintiff Cilano is waiving any interest in an incentive award in light of the individual agreement.

[4] Class Counsel Phillip Robinson has voluntarily elected to forgo any request for a percentage of the settlement fund for attorney's fees but is contemporaneously requesting reimbursement for expenses and costs advanced on behalf of the class members.

2

and costs associated with providing notice to the Class members.

The class is defined under the Settlement Agreement consists of:

> Those persons, in the three years before the commencement of this action to the present, from whom Shea attempted and/or actually collected a consumer debt on behalf of any other person, who owned a unit in Stonegate Condominiums or Grand Bel Manor Condominium for personal purposes. Excluded from the Class are any persons who were members of the settlement class in *Martinez v. Shea* in the Circuit Court for Montgomery County.

The claims addressed by the class are:

> Any claims related to whether Shea was permitted to collect or attempt to collect from the Class Members while unlicensed as a Maryland collection agency pursuant to MCALA.

The proposed settlement class meets the four prerequisites of Rule 23(a) for a class action. The proposed class possesses numerosity, commonality, typicality, and adequacy of representation by the Plaintiffs and their counsel as discussed more fully below. The manageability of the class is not an issue in a settlement class. The requirements of Rule 23(b)(3) are also met. The primary issue is whether the Defendant's activities violate the MCDCA and MCPA and thus entitle the Class to an award of actual damages for the injuries caused by the Defendant's unlicensed collection attempts. The resolution of this issue in a single action is superior given that it is the same issue and realistically the class members would not be in a position to file individual actions. In light of the risks involved in the litigation of this predominate issue for both parties, the proposed settlement is fair and adequate and in the best interests of the Plaintiff and class members.

## II.   FACTUAL BACKGROUND - THE PARTIES

The Plaintiffs and class members are consumers from whom Defendant collected or attempted to collect consumer debts on behalf of another when she was not licensed as a collection

agency. Plaintiffs' claim the Defendant violated the MCDCA and the MCPA by collecting, or attempting to collects, debts on behalf of another without the required collection agency license under Maryland Collection Agency Licensing Act ("MCALA"), BUS. REG. § 7-101. The Defendant denied liability.

After substantial discovery before and during the on-going COVID-19 pandemic and an arms-length settlement negotiation, the Parties entered into a Class Action Settlement agreement. Plaintiffs were able to negotiate a settlement fund in amount of $73,000 in relief for the class (which is similar to the size of a prior action involving the Defendant and a prior settlement class of a group of different Maryland consumers), which would not have been realized absent this action. This settlement also benefits the Defendant in ending some risk she may have faced from hundreds of individual lawsuits on the same claims by resolving them in one action together with other similar claims.

### III.     THE CLASS MEETS THE REQUIREMENTS FOR A CLASS ACTION

#### A.     FACTORS TO BE CONSIDERED IN CERTIFYING A CLASS ACTION

Federal Rule 23 sets forth four prerequisites for a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. In addition to the four prerequisites set out in Rule 23(a), the requirements of one of three subsections of Rule 23(b) must also be satisfied. The Plaintiffs here seek certification pursuant to Rule 23(b)(3), where the plaintiffs must demonstrate that the common questions of law or fact predominate over questions effecting only individual members and that a class action is the

4

superior method for the fair and efficient handling of the claim. These criteria are referred to as predominance and superiority. Factors relevant to an examination of those criteria include the following: (1) the interest of the individual members in controlling the prosecution or defense of their case; (2) the extent and nature of other litigation already commenced involving the parties; (3) the desirability of concentrating the claims in the particular forum; and (4) the difficulties likely to be encountered in management of the case.

1. **NUMEROSITY**

The numerosity prerequisite is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 18-40. *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326 (7th Cir.1969) (40 sufficient). There is no dispute that the proposed Class in the instant case satisfies the numerosity requirement because the number of Class members is of approximately 141 accounts, representing approximately 170 individuals. ECF 92-1 at ¶ 6; Ex. 1, Declaration of P. Robinson at ¶¶ 12, 16.

2. **COMMON QUESTIONS**

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Those requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest.

*Gen Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 (1982).

"Because the requirement may be satisfied by a single common issue, it is easily met, as at

5

least one treatise has noted. See H. NEWBERG & A. CONTE, 1 NEWBERG ON CLASS ACTIONS § 3.10, at 3-50 (1992)". *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994).

In the case at bar, the claims before the Court and the proposed settlement address whether the Defendant engaged in collection on consumer debts owed to another without the requisite collection agency license, which constituted a violation of the MCDCA and MCPA and entitles the Class to damages.

### 3. TYPICALITY

The Plaintiffs' claim against the Defendant is typical of the class members. The core issue is whether the Defendant collected or attempted to collect upon consumer debts owed to another, which Defendant did in fact do.

### 4. ADEQUACY OF REPRESENTATION

In the present case, the Plaintiffs took all action necessary to litigate this matter. They took action to file the claims as a class action. They responded to discovery. They testified at depositions. They participated in settlement discussions and kept informed as to the status of the case. They do not have any interests antagonistic to the class claims.

Appointment of class counsel is now governed by Rule 23 (g), which provides:

> (g) Class Counsel.
>     (1) *Appointing Class Counsel.*
>     (A) Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.
>     (B) An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.
>     (C) In appointing class counsel, the court
>
>         (i) must consider: the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions,

>other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class;
>
>(ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
>(iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
>
>(iv) may make further orders in connection with the appointment.

Consideration of each the mandatory factors warrants appointment of the Plaintiffs' counsel as class counsel in this matter. The claim was identified because Plaintiffs' counsel is regularly involved in litigation under consumer protection laws. Plaintiffs' counsel has been involved in these types of cases for a number of years. Before and after the filing of the complaint relating to the Defendant, the Plaintiffs' counsel investigated the Defendant involving the same issue.

Plaintiffs' counsel is experienced in class actions as well as consumer law. Plaintiffs' counsel has previously been found to be adequate class counsel and has served as lead class counsel in a number of cases. The Plaintiffs previously submitted declarations of their counsel in support of the Motion for Preliminary Approval (ECF 92-2).

**B.     APPROPRIATENESS OF CLASS ACTION**

In addition to the four prerequisites set out in Rule 23(a), the requirements of one of three subsections of Rule 23(b) must also be satisfied.  The Plaintiffs here seek certification pursuant to Rule 23(b)(3). Under (b)(3), the plaintiff must demonstrate that the common questions of law or fact predominate over questions effecting only individual members and that a class action is the superior method for the fair and efficient handling of the claim. These criteria are referred to as

7

predominance and superiority. Factors relevant to an examination of those criteria include the following: (1) the interest of the individual members in controlling the prosecution or defense of their case; (2) the extent and nature of other litigation already commenced involving the parties; (3) the desirability of concentrating the claims in the particular forum; and (4) the difficulties likely to be encountered in management of the case.

This case meets both tests. The common questions of law and fact predominate over any individual questions of class members. The issue is focused on the Defendant's engagement in collecting upon consumer accounts on behalf of another when Defendant was not licensed as a collection agency. Therefore, the differences, if any, in the Plaintiffs or class members is not determinative of any issue here. Based on the fact the Defendant did collect on the consumer accounts, the principal legal issue is whether this establishes a violation of the MCDCA. The Defendant's actions of collecting upon consumer accounts owed to another predominates and Plaintiffs submit that there are no individual questions in this situation.

The class action here also meets the superiority test. Many of the affected individuals may not be in opposition to enforce their rights through a lengthy and costly suit. Without a class action, the persons who have claims may never be able to obtain relief. The relief provided by this settlement class provides relief to the class members that they would not have otherwise been entitled to. A class action is appropriate and a superior method of providing relief to the class members.

### IV.   THE SETTLEMENT IS FAIR AND ADEQUATE

Once it has been determined that the Class should be certified, the Court must additionally evaluate whether the proposed class settlement is fair and adequate. The Court in *Mid-Atlantic*

*Toyota Antitrust Litigation*, 564 F. Supp. 1379 (D. Md. 1983) established the standard in determining whether the settlement is fair and adequate.

In *Mid-Atlantic*, the court enumerated the following four standards to be evaluated to determine whether the settlement is fair: (1) the presence or absence of collusion among the parties; (2) the posture of the case at the time settlement is proposed; (3) the extent of discovery that has been conducted; and (4) the circumstances surrounding the negotiations and the experience of counsel.  564 F.Supp. at 1383.

There is no collusion between the parties. The settlement was reached through arms-length negotiations between experienced counsel. At the time the settlement was entered, the parties had conducted thorough discovery, including depositions. The Plaintiffs are represented by experienced class action counsel. The Defendant is represented by a well-respected law firm. Under the *Mid-Atlantic* standards, the settlement is fair.

The Settlement is also adequate. The benefits to the class are. Settlement Agreement at ¶ 33.  There have been no objections to the settlement filed by any class member. Ex. 1, Declaration of Counsel at ¶ 17.  Further, Class Counsel and the Plaintiffs have discounted the attorney fees and certain incentive fees sought in this case. *See* Motion for Incentive Award and for Costs filed contemporaneously with this motion (disclaiming attorney's fees and the incentive award for Plaintiff Maria Cilano).

As a result the anticipated benefits to the Class members if the settlement is approved by the Court will increase to approximately $434.79 per payee account.[5]

---

5   This approximate calculation is made based upon the total settlement fund $73,000.00 less the (i) proposed incentive payment ($9,000.00) and (ii) proposed reimbursement of costs ($2,692.57) divided by the number of payees who will received benefits from the settlement fund

9

**V.    CONCLUSION**

The Court should enter a Final Judgment certifying the Settlement Class and claims and appointing Plaintiffs Maria Cilano and Felica Wiggins as class representatives and their counsel as Class Counsel.

                                                  Respectfully Submitted,

                                                  */s/Phillip R. Robinson*
                                                  Phillip R. Robinson, Fed. Bar No. 27824
                                                  Consumer Law Center LLC
                                                  10125 Colesville Rd., Suite 378
                                                  Silver Spring, MD  20901
                                                  Phone (301) 448-1304
                                                  phillip@marylandconsumer.com

                                                  *Counsel for the Plaintiff and Class*

---

(i.e. accounts including accounts involving multiple persons equal to 141)(in other words ($73,000.00 – $11,692.57)/141).