## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARIA ANTONIA CILANO**<br>**and**<br>**FELICIA WIGGINS**.<br>(on behalf of themselves and on behalf<br>a Class of similarly situated persons)<br><br>v.<br><br>**BARBARA Q. SHEA (d/b/a Shea**<br>**Management, Inc.), et al.**<br><br>      Defendants | Civil Case: 8:19-cv-00827-PWG |

## <u>DECLARATION OF PHILLIP</u>

Phillip Robinson, being of lawful age, declares:

1. I have personal knowledge of the facts set forth herein.

2. I submit this declaration in support of the Plaintiffs' Motion to Finally Approve Settlement Class, Appoint Class Counsel and Class Representatives, and for Certification of Class for Settlement, Pursuant to FED. R. CIV. P. 23.

3. I am an attorney first licensed to practice law in 2000. I am currently admitted to practice before the Maryland Court of Appeals, and various federal courts including the United States District Court for the District of Maryland, United States District Court for the District of Columbia, and the United States Court of Appeals for the Fourth Circuit.

4. I am also currently a member of Consumer Law Center, LLC.

5. My practice includes representing consumers in financial transactions, concentrating in debt collection and mortgage servicing practices. I have represented consumers in cases involving federal and state consumer protection laws for approximately 17 years. I have been counsel in

over a hundred cases involving consumer protection claims before this and other courts throughout the country.

6. In addition to my current practice, I previously was Of Counsel to the Legg Law Firm LLC and a past Executive Director and Attorney for Civil Justice Inc., a private not-for-profit legal services program that concentrates is legal representation in the area of predatory consumer practices.

7. I have devoted the resources necessary to pursue the claims in this action and advanced time and costs to the benefit of the class members and Plaintiffs (as well as administration of the case on behalf of the Class).  I am ready, able and willing, if necessary, to pursue this case through trial.

8. I have testified by invitation and otherwise before the Maryland General Assembly and Congressional committees relating to consumer protection laws. I have also participated in drafting these laws.  In addition, I have also served as a presenter before numerous various state and national conferences concerning consumer protection and foreclosure issues including the Judicial Institute of Maryland.

9. In the community, I have also served in a variety of appointed positions including:

- Appointed Member of the Maryland State Bar Association's Laws Committee (2019 to present)
- Appointed Recipient of the Consumer Advocate of the Year Award, National Association of Consumer Advocates (2016)
- Appointed Member, Montgomery County, Maryland Advisory Committee on Consumer Affairs (2007 to 2011, 2021 to the Present)
- Appointed Member, Maryland Consumer Rights Coalition Board of Directors (2010-2011)
- Recipient of the Denis J. Murphy Consumer Advocate of the Year, Maryland Consumer Rights Coalition (2008)
- Appointed Member, Governor O'Malley's Homeownership Preservation Task Force (2007)

10. I have been appointed as class counsel in various actions before Federal and State Courts

including:

*Keneipp v. Fountainhead et al.* (USDC of MD, Civ. No. 03-cv-02813-WMN)*;*

*Johnson v. Fountainhead* (USDC of MD, Civ. No. 03-cv-03106-WMN);

*Greer v. Crown Title Corp.,* Cir. Ct. Balt. City, MD; Case No. 24-C-02001227 (September 2005);

*Robinson v. Fountainhead Title Group Corp.*, 447 F.Supp.2d 478 (D.Md. 2006); 252 F.R.D. 275 (D.Md. 2008);

*Benway v. Resource Real Estate Services*, 239 F.R.D. 419, (D.Md. 2006);

*Taylor v. Savings First et al.*.Cir. Ct. Balt. City, MD; Case No. 24-C-02001635 (January 2008);

*Proctor v. Metropolitan Money Store Corp.*, 645 F.Supp.2d 464, 483 (D.Md.2009);

*Winston v. Regional Title & Escrow LLC*, (USDC of MD, Civ. No. 08-2633-RWT) (2009);

*Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358 (D. Md. 2010);

*Johnson v. Midland Funding, LLC*, USDC of MD, Case No.: 1:09-cv-02391-RDB (2010);

*Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532 (D. Md. 2010), 765 F. Supp. 2d 719 (D. Md. 2011);

*Winemiller v. Worldwide Asset Purchasing, LLC*, USDC of MD, Civ. No. 1:09-CV-02487, 2011 WL 1457749 (2011);

*Gardner v. Montgomery County Teachers Fed. Credit Union,* USDC of MD, Civ. No. 1:10-CV-02781-JKB, 2012 WL 1994602 (June 4, 2012);

*Castillo v. Nagle & Zaller, PC,* USDC of MD, Civ. No. 12-cv-2338 (2013);

*Rand v. Main Street Acquisition Corporation*, Cir. Ct.for Balt, MD; Case No.24-O-13-004864 (2015).

*Turner v. Asset Acquisition Group, LLC*, Cir. Ct.for Balt., MD; Case No. 24-C-13-004861 (2015).

*Baumgardner v. Blatt*, Cir. Ct. for Anne Arundel County, MD; Case No. C-02-CV-14-000785(2015);

*Finch v. LVNV*, Cir. Ct. for Baltimore City, MD; Case No. 24-C-11-007101 (2015);

*Martinez v. Grand Bel Manor Condominium, et al*. Cir. Ct. for Montgomery County, MD, Case No. 410129-V (2016);

*Barbely v. Dyck O'Neal Inc.*, Cir. Ct. for Anne Arundel County, MD, Case No. 02-C-14-190995 (2016);

*Devan v. Wilcox; Wilcox v. Wilmington Savings Fund Society FSB, as Trustee for the Primestar-H Fund I Trust*, Cir. Ct. for Anne Arundel County, MD, Case No. C-02-cv-14-000099 (2016);

*Hansford v. Erin Capital Management*, Cir. Ct. for Baltimore City, MD, Case No. 24-C—13-004860 (2016);

*Jason v. National Loan Recoveries, LLC*, Cir. Ct. for Baltimore City, MD, Case No. 24-C-13-004862 (2017);

*Hyatt v. Swann; Swann v. Pontus Capital Management, LLC*, Cir. Ct. for Anne Arundel County, MD, Case No. C-02-cv-15-2117 (2017);

*Jernigan et al.  v. Protas, Spivok & Collins, LLC,* (USDC of MD, Civ. No. 1:16-cv-03058-ELH) (2017);

*Payne et al. v. Marriot Employees Federal Credit Union*, (USDC for the E.D. of Pa., Civ. Act. No. 2:18-cv-04009-WB) (2019);

*Grayson v. Freedom Mortgage Corporation*, Cir. Ct. for Montgomery County, MD, Case No. 444996-V (2019); and

*Graham v. Servis One, Inc.*, (USDC for the E.D. of Pa., Civ. Act. No. 2:18-cv-04377-WB) (2020).

11. Neither I nor the Plaintiffs, Maria Cilano and Felicia Wiggins, have any interests that are antagonistic to the class or that would adversely affect any of us from acting as class counsel and named representatives in this action.  Ms. Cilano and Ms. Wiggins are also available and willing to appear at trial if necessary and have actively participated in this litigation including substantial activities throughout the pandemic (which included being deposed twice by Order of the Court).

12. Pursuant to the Court's April 30, 2021 Order granting preliminary approval of the Parties' settlement (ECF 94), my office caused notice in the form approved by the Court to be mailed to each of the 143 class members accounts[1] identified by the Defendants by first-class mail.   These 143 accounts were representative of approximately 173 individual persons.

13. Prior to mailing the notice approved by the court, the address provided for each class member was run through the National Change of Address database. Any changes indicated by the NCOA for any class member were updated.

14. The notices were sent using first class, prepaid postage by U.S. Mail on May 25, 2021 to each class member.

15. Of the 143 notices, one was returned as undeliverable, which is a return rate of less than .7%. In other words, over 99.3% of persons to whom notice was sent are presumed to have received the notice.

16. Two opt-outs were received from class members: (i) Errol Watson and Dawn Smith-Watson and (ii) Charles Meachem.  Each of them timely requested to be excluded from the class.

17. As a result of the timely opt-outs, there are 141 class member accounts (including 170 persons) entitled to the benefits of the settlement fund.

18. No objections to the settlement were received from any class member or any other person.

19. Even though the Settlement Agreement entitles the Plaintiffs to request an award of attorney's fees from the settlement fund, I have elected not to make such a request in light

---

[1]      At the time of settlement, the Defendant estimated that there were 152 class member accounts; however, after a review of the class list removing duplicates, there are only 143 class member accounts.

of the circumstances in the current economy and likely needs of the vulnerable class members.

20. The total costs and fees advanced by my office on behalf of the class members that we are requesting reimbursement from the common fund are:

| | |
|---|---|
| Court and Service Costs: | $460.00 |
| NCOA and mailing costs for class notice: | $331.47 |
| Deposition Transcript Costs: | $1,823.55 |
| Anticipated postage for mailing class checks: | $77.55 |
| **TOTAL** | **$2692.57** |

I swear under penalty of perjury and upon personal knowledge that the foregoing is true and correct to the best of my knowledge.


Executed on July 26, 2021

Phillip Robinson