IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARIA ANTONIA CILANO<br>and<br>FELICIA WIGGINS.<br>(on behalf of themselves and on behalf<br>a Class of similarly situated persons)<br><br>v.<br><br>BARBARA Q. SHEA (d/b/a Shea<br>Management, Inc.), *et al.*<br><br>      Defendants | Civil Case: 8:19-cv-00827-PWG |

### MOTION AND MEMORANDUM IN SUPPORT OF
### INCENTIVE PAYMENTS, ATTORNEY'S FEES AND COSTS

Plaintiffs Maria Cilano and Felicia Wiggins ("Plaintiffs") and their Counsel, Phillip Robinson and the Consumer Law Center, LLC,[1] file this memorandum in support of an incentive payment to Plaintiff Felicia Wiggins and an Award of Costs to Class Counsel.

### CASE HISTORY

The Plaintiffs filed the above-captioned class action lawsuit asserting class claims against Defendant Barbara Q. Shea (d/b/a Shea management Inc.) ("Defendant") under Maryland Consumer Debt Collection Act, COM. LAW § 14-201, et seq. ("MCDCA") and the Maryland Consumer Protection Act, COM. LAW, § 13-301, et seq. ("MCPA"). The Plaintiffs alleged that

---

[1] Even though the Settlement Agreement entitles Plaintiffs to seek an award of attorney fees, Class Counsel Phillip Robinson is not seeking any potential award of attorney's fees from the settlement fund which under similar cases would equal $29,200 or 40% of the total settlement fund); he is however seeking reimbursement for expenses incurred in litigating this action. *See infa*. Plaintiff Maria Cilano is also not seeking an incentive payment for her role as Named Plaintiff in light of the resolution of her individual Fair Housing Act claim.

1

Defendant violated the MCDCA and MCPA by collecting on consumer accounts owed to another without the requisite collection agency license. The Defendant denies liability for these allegations.

After conducting thorough discovery in this matter and after attending a Settlement Conference, the Parties negotiated a resolution of this matter. As a result of the negotiations, the parties submitted a Settlement Agreement to the Court for preliminary approval (ECF 92-1). The Settlement Agreement represents a compromise between the parties' conflicting positions. The Settlement Agreement provides for a settlement fund of $73,000 for the class that covers the incentive payments allowed by the court, the Class Counsel's attorney's fees and costs, and the costs associated with providing notice to the Class members. Thereafter, the parties submitted a joint motion for the Court to preliminarily approve a Class for purposes of settlement. The Court granted the motion in an Order dated April 30, 2021. (ECF 94).

### I. NAMED PLAINTIFF WIGGINS SHOULD BE GIVEN AN INCENTIVE AWARD FOR HER ROLE AND SERVICE TO THE CLASS.

In the settlement, the parties agreed to an incentive payment of no more than $9,000.00 to Named Plaintiff Felicia Wiggins.[2]

Incentive payments to named class representatives are commonly approved by the federal courts in class action settlements. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) ("Incentive awards are fairly typical in class action cases. Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class.") (citations omitted); *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 118 (E.D. Pa.

---

[2] As contemplated in the Settlement Agreement, Plaintiff Cilano expressly disclaimed any claim for an award of an incentive payment.

2005) (reviewing cases in which Courts approved incentive awards in settlement to named class action plaintiffs); *In Re Compact Disc Minimum Advertised Price Antitrust Litigation*, 292 F. Supp. 2d 184, 189 (D. Me. 2003); *Lachance v. Harrington*, 965 F. Supp. 630, 652 (E.D. Pa. 1997); *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525, 535 (E.D. Pa. 1990)).

The National Association of Consumer Advocates has described the purpose behind incentive payments to named class action plaintiffs as follows:

> Awards to named plaintiffs are appropriate in recognition of their willingness to undertake the representation of class members. Consumers who represent an entire class should be compensated reasonably when their efforts are successful and compensation would not present a conflict of interest. The amount that is reasonable depends on the circumstances of the case…

National Association of Consumer Advocates, *Standards and Guidelines for Litigating and Settling Consumer Class Actions* 31 (June 2014), 299 F.R.D. 160 (NACA Guideline C)(2014). *See also In re Cendant Corp., Derivative Action Litig.*, 232 F. Supp. 2d 327, 344 (D.N.J. 2002) (stating that incentive awards reward the public service by lead plaintiffs).

While not all courts have uniformly approved of incentive payments, it is clear that whether to grant incentive awards is entirely within the trial court's discretion. *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000), *cert. denied*, 532 U.S. 1038, 121 S. Ct. 2000, 149 L. Ed. 2d 1003 (2001); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). There is "ample authority in this and other circuits for the approval of incentive awards." *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 257 (D.N.J. 2005) (collecting cases). Similar to Class Counsel in this case, Named Plaintiff Wiggins "conferred benefits on all other class members and [she] deserve[s] to be compensated accordingly." *Id.* at 258 (*quoting In re Linerboard Antitrust Litig.*, 2004 U.S. Dist. LEXIS 10532, at *56 (E.D. Pa. June 2, 2004).

3

Here, as in other cases where incentive awards have been permitted, Named Plaintiff Wiggins took action which "protected the interests of the Class Members and which have resulted in a Settlement that provides substantial economic and non-economic benefits for the Class Members." *Enter. Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 251 (S.D. Ohio 1991). She actively participated in the extended litigation process involved in this case even in light of the Defendant's delays and also participated in the settlement conference conducted by the Court. Ms. Wiggins not only understood the class claims and her responsibility as a class representative, she agreed to participate in the litigation process whether through settlement or litigation with the risk of no recovery whatsoever. It is highly unlikely that this litigation would have continued for as long as it has if the case proceeded on an individual basis. Ms. Wiggins forestalled relief on her individual claims in order to ensure that relief was provided to the settlement class. If this settlement is not approved and the matter is further litigated, she is willing to participate in further discovery and testify at trial if necessary. Ms. Wiggins also approved the terms of the Class Action Settlement Agreement.

Given Ms. Wiggins' contribution to the successful prosecution of this case and the benefits to the Settlement Class, the proposed incentive payment in recognition of her efforts made on behalf of the Ssettlement Class is merited and appropriate. The requested award to Plaintiff is well within the range of incentive awards approved by Court in Class Actions. *See In re Ins. Brokerage Antitrust Litig.,* 579 F.3d 241, 285 (3d Cir. 2009) (finding that the court did not err in granting final approval of a settlement that included $150,000 in incentive awards distributed between fifteen named plaintiffs); *Bogosian v. Gulf Oil Corp.,* 621 F. Supp. 27, 32 (E.D. Pa.1985) (granting incentive awards of $20,000 to each class representative); *Dewey v. Volkswagen of Am.,* 728 F. Supp. 2d 546, 577-78 (D.N.J. 2010) *rev'd and remanded on other grounds Dewey v. Volkswagen*

4

*Aktiengesellschaft*, 681 F.3d 170 (3d Cir. 2012) (approving incentive awards of $10,000 each to nine named Plaintiffs); *Varacello v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 258–29 (D.N.J. 2005) (incentive awards ranging from $1,000 to $10,000); *Veiga v. Suntrust Bank*, No. 1:09-CV-02815-PWG, 2011 WL 9362390, at *4 (D. Md. Feb. 23, 2011), aff'd, 450 F. App'x 269 (4th Cir. 2011)(awarding $6,000 incentive payment to each representative); *Ramos v. Banner Health*, No. 15-CV-2556-WJM-NRN, 2021 WL 2823079, at *10 (D. Colo. July 7, 2021)(making incentive awards between $7,500 and $12,500 to the named plaintiffs); *Montgomery v. Cont'l Intermodal Grp.-Trucking LLC*, No. 19-940 GJF, 2021 WL 1339305, at *9 (D.N.M. Apr. 9, 2021)(awarding an incentive payment of $25,000 to the named plaintiff); *Kelly v. Johns Hopkins Univ.*, No. 1:16-CV-2835-GLR, 2020 WL 434473, at *7 (D. Md. Jan. 28, 2020)(same); *Orloff v. Syndicated Office Sys, Inc.*, No. 00–5355, 2004 U.S. Dist. LEXIS 7151, at *4 (E.D. Pa. Apr.22, 2004) ($5,000); *Bonett v. Educ. Debt Servs., Inc.*, No. 01–6528, 2003 U.S. Dist. LEXIS 9757, at *20 (E.D. Pa. May 9, 2003) ($4,000). A comprehensive academic study of class action incentive awards conducted in 2006 found that the median award at that time was $4,357. Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. REV. 1303, 1308 (2006).

Given the relief to the vulnerable class members subjected to unlawful debt collection activities by the Defendant and even during a pandemic, Plaintiff Wiggins' efforts in representing the class were extensive and warrant a reasonable award payment. She regularly kept informed as to the status of the litigation; actively participated in responding to two sets of lengthy paper discovery; appeared for two depositions (including traveling to Maryland at her expense for the first deposition in person and participating in a second deposition during the COVID-19 pandemic); and also participated in the Parties' settlement conference. Under these extraordinary

5

circumstances, a total incentive award of $9,000.00 to Named Plaintiff Wiggins for her efforts and the benefits obtained for the class is reasonable and should be approved. It is also consistent with awards in similar type cases that have been approved by this Court and its sister courts.

## II. PLAINTIFFS' COUNSEL SHOULD BE AWARDED COSTS

The Named Plaintiff's counsel has expended and expects to encounter the following additional costs in association with the litigation and the class settlement of this case:

| | |
|---|---:|
| Court and Service Costs: | $460.00 |
| NCOA and mailing costs for class notice: | $331.47 |
| Deposition Transcript Costs: | $1,823.55 |
| Anticipated postage for mailing class checks: | $77.55[3] |
| **TOTAL** | **$2692.57** |

Pursuant to the Settlement Agreement, Plaintiffs request that the Court order that Class Counsel is entitled to reimbursement of these costs from the settlement fund.

### III. CONCLUSION

WHEREFORE, the Named Plaintiff moves the Court to award an incentive payment in the amount of $9,000.00 for Named Plaintiff Felicia Wiggins, and costs of $2,692.57 to Class Counsel.

---

[3] This cost covers the cost of anticipated postage for mailing each class member's check once the Settlement Agreement is Finally Approved.

Respectfully Submitted,

*/s/Phillip R. Robinson*
Phillip R. Robinson, Fed. Bar No. 27824
Consumer Law Center LLC
10125 Colesville Rd., Suite 378
Silver Spring, MD  20901
Phone (301) 448-1304
phillip@marylandconsumer.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing and attachments was sent to all parties and counsel of record when this motion was filed with the Court's ECF service.

*/s/Phillip R. Robinson*
Phillip R. Robinson